HARRY LEA DODSON, Appellant, vs. ARTHUR M. MARKS, Exr., Appellee.

*Opinion filed December 22, 1909.*

1. ASSUMPSIT—*each party is entitled to have his testimony submitted to jury on correct instructions.* In assumpsit, where the only evidence of the contract is the testimony of the plaintiff and of the defendant and the decision of the issue depends upon their credibility, each has a right to have such testimony submitted to the jury for their consideration, on correct instructions as to the law.

2. INSTRUCTIONS—*when instruction directing verdict is erroneous.* Where the plaintiff in assumpsit testifies that the defendant agreed to pay him the customary fee to secure a patent and a contingent fee for all additional services, while the defendant testifies that the only agreement was to pay a sum to secure the patent, which has been paid, an instruction directing the jury to find for the defendant if they believe, from the evidence, the plaintiff was employed to secure a patent for a certain fee, which had been paid, without requiring them to also find there was no agreement for the additional services and contingent fee, is erroneous.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.

EASTMAN, EASTMAN & WHITE, for appellant.

RICHARD J. COONEY, and JOHN A. VERHOEVEN, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Harry Lea Dodson, the appellant, brought this suit in assumpsit in the municipal court of Chicago by attachment against the property of Bennett D. Marks, and the writ was returned served on Foreman Bros. Banking Company, a corporation, as garnishee. The declaration was the consolidated common counts, and the defendant appeared and

pleaded non-assumpsit and traversed the affidavit for the writ. The issues on the attachment writ and on the merits were submitted to the same jury and both were found for the defendant. The court entered judgment on the verdict, and on appeal to the Appellate Court for the First District the judgment of the municipal court was affirmed, and a further appeal was prosecuted to this court. Bennett· D. Marks died, and his executor was substituted and entered his appearance.

The plaintiff testified that he was an experienced mechanical engineer and also a patent attorney; that he was employed by the defendant to secure a patent of a graining machine for the purpose of producing on wood or paper the grain of various kinds of wood in imitation of valuable wood; that he was to assist in devising such a machine as would not infringe upon other patents, and particularly one called the Augustine patent; that he was to render services for the success of the invention in addition to the ordinary services of a patent attorney, and to receive the customary fees and expenses for securing the patent and in addition one-third of the net results received by the defendant; that he secured the patent, and foreign patents were also secured; that he was paid for his services· as patent attorney; that with his assistance the machine was devised which did not infringe upon other patents; that a corporation was organized under the name of Marks Automatic Wood Producing Company, with a capital stock of $500,000; that $200,000 of the stock was placed in the treasury and $300,000 was to be divided equally between the defendant and two other persons; that the $300,000 of stock was sold for $30,000 and the proceeds were divided as agreed upon, and the $10,000, which was the share of the defendant, was deposited with Foreman Bros. Banking Company, the garnishee, and that under the agreement he was entitled to one-third of said defendant's share. The defendant testified that the only agreement between him and the plaintiff

was that he should pay the plaintiff for his services in procuring the patent, and that for those services a stipulated sum was agreed upon and paid.

The court gave an instruction directing a verdict for the defendant if the jury found that he employed plaintiff to secure the patent for a stipulated price which had been paid, omitting all reference to that part of the contract alleged by the plaintiff for compensation for other and additional services. The instruction was as follows:

"If you believe, from the evidence, that the defendant employed the plaintiff to secure letters patent on a certain improvement in graining machines and printing rollers, and that the plaintiff agreed with the defendant to charge a stipulated price for said services in securing said letters patent; and if you further believe, from the evidence, that the defendant has paid to the plaintiff the sum of money which he agreed to pay the plaintiff for his services in securing the said letters patent, (if you believe, from the evidence, any certain sum was agreed to between the parties,) then the court instructs you that your verdict must be for the defendant."

The only evidence of the contract was the testimony of the plaintiff and defendant, and the decision of the issue by the jury depended upon their credibility, and they each had a right to have such testimony submitted to the jury for their consideration on correct instructions as to the law. This instruction directed a verdict regardless of the question whether there was an agreement to pay a contingent sum for services not mentioned in it, which was at least the chief matter in dispute between the parties. Whether there was any controversy as to the contract mentioned in the instruction is of no importance in considering the correctness of the instruction, and it was error to tell the jury that they must find for the defendant on the facts stated in the instruction without also requiring them to find that the contract alleged by the plaintiff was not proved.

An instruction on the issue under the attachment writ is complained of, and it is not entirely accurate, but in view of the evidence we think it could not have misled the jury, inasmuch as they were specifically required to find that the absence of the defendant from this State was only temporary and for the purpose of transacting business or for the purpose of pleasure and with the intention of returning to the State, in order to find against the plaintiff on that issue.

For the error in giving the instruction directing a verdict upon finding only a portion of the matters in controversy in favor of defendant, the judgments of the Appellate Court and municipal court are reversed and the cause is remanded to the municipal court.

*Reversed and remanded.*